## CLEVELAND v. STILWELL *et al.*

1. **Assault and Battery**: EVIDENCE AGAINST ABETTOR. In a civil action against a father and son for an assault and battery, though the evidence failed to show that the father took an actual part in the assault, it did show that, before it was ended, he in an angry and excited manner expressed his interest on the side of his son, and a readiness to take a part in the trouble. *Held* that this was sufficient to justify a verdict against him as an abettor.

2. ———: ———. In such case, evidence of the acts and declarations of the father during the fight was competent to show his spirit and purpose in encouraging his son in the matter.

3. ———: TWO DEFENDANTS: INSTRUCTIONS. In such case, an objec-tion to an instruction because it does not discriminate between the liability of the father and son is not well taken, where such dis-crimination is made in other instructions.

4. ———: PUNITIVE DAMAGES: INSTRUCTION. In such case, an instruction from which the jury might be warranted in finding punitive damages is no ground for complaint where it appears from the verdict that no such damages were found.

*Appeal from Marion District Court.*—HON. J. K. JOHNSON, Judge.

FILED, OCTOBER 12, 1888.

Cleveland v. Stilwell.

ACTION to recover damages sustained by plaintiff from injuries inflicted upon him by an assault and battery of the defendants. There was a judgment upon a verdict against both defendants. John Stilwell alone appeals.

*Hays Bros.*, for appellant.

*Stone & Gamble*, for appellee.

BECK, J.—I. The point mainly relied upon by counsel to reverse the case, if we are to judge from the attention given thereto, is that the evidence fails to connect the appellant, John Stilwell, with the assault, and that there is such a failure of proof to show that he aided or encouraged the other defendant, that the judgment ought to be set aside on that ground. We think this position of counsel is not well taken. While the evidence fails to show that appellant took a part in the assault, we think the jury were authorized to find therefrom that he encouraged and abetted the other defendant. The appellant is the father of the other defendant, who engaged with plaintiff; and before it had ended, and plaintiff had received the injuries of which he complains, the appellant was certainly in an angry and excited manner demonstrating his interest on the side of his son, and, instead of attempting to make peace, was expressing his readiness to take part in the trouble. The jury, we think, were authorized to find that he aided or encouraged his son in his assault on plaintiff.

*1. ASSAULT and battery: evidence against abettor.*

II. A witness was permitted to testify as to the acts and declarations of appellant before the fight was over. The evidence, we think, was competent, as it tended to show the spirit or purpose of the appellant rather to encourage and stimulate strife than to do the things which would have made for peace.

*2. —: —.*

III. A witness was permitted to testify that when appellant was informed that "there was damage done, he dropped his feathers pretty quick, and told Harvey [the other defendant] to put his

*THE SAME.*

coat on." The admission of the evidence is complained of. Its evident purpose is to show the appellant's spirit and disposition to encourage the fight, and that he did not change this disposition until he heard of the injury done to plaintiff. The reference to the injury sustained by plaintiff could not have been prejudicial to appellant. The fact that such injuries were sustained was properly shown to the jury by other evidence.

IV. It is insisted that an instruction is erroneous in that it does not "discriminate between the liability of appellant" and the other defendant. We think this was sufficiently done in other instructions, which directed the jury that, if they found that appellant aided, advised or encouraged "the fight, he is liable." The liability of the other defendant for the actual assault, if found, is correctly stated to the jury.

3. ——: two defendants: instructions.

V. Many objections to the instructions are made in the assignment of errors. All are not argued. We are of the opinion that the instructions fairly presented the law to the jury. Counsel's objections to them are in many instances much in the nature of criticism. The jury were directed that, upon finding that the assault was unprovoked, and wantonly and maliciously made, they could allow punitive damages. It is claimed that there is no evidence showing the facts justifying punitive damages, and the instruction was therefore erroneously given. But we cannot say that there was no such evidence, and we think, as the verdict was for ninety dollars, and the evidence shows that plaintiff's jaw-bone was broken, the jury in fact allowed no punitive damages, for the actual damages surely equaled the amount found by the jury. No prejudice could have resulted to the defendant from the instruction complained of. We do not feel called on further to notice the instructions. In our opinion they are without error. Other matters in the case do not demand attention. The judgment of the district court is                                    AFFIRMED.

4. ——: punitive damages: instructions.